MITHOFF
v
CARROLLTON.

---

## State v. John C. Wilson.

District Judges have power to admit the accused to bail, at chambers, without proceeding by *habeas corpus*. An error in the mode of proceeding will not invalidate the decree or the bond taken under it.

Deputy Sheriffs are expressly authorized by law to represent the Sheriff in all duties confided to the latter. They have the power to receive an appearance bond and discharge the accused upon its execution, although the order of the Judge directed it to be taken by the Sheriff.

When the bond has not been filed it cannot be considered as in evidence, or as produced on the trial.

APPEAL from the District Court of the Parish of Iberville. *Robertson,* J. *E. W. Moise,* Attorney General, for the State. *Z. Latour,* for accused.

MERRICK, C. J. The accused having been arrested on the charge of inveigling a slave, applied to the Judge of the District for a writ of *habeas corpus.*

It does not appear that any writ actually issued, but the Judge of the District Court made an order admitting the accused to bail, on furnishing his bond with two good and solvent sureties, in the sum of three thousand dollars. The Sheriff was directed to take the bond.

A bond comes up with the record in due form purporting to have been signed by *J. C. Wilson* and three sureties. It was acknowledged before the Deputy Sheriff. *It does not appear to have been filed in the District Court.*

An indictment was preferred against the accused, and, failing to answer, a *judgment nisi* was rendered against him and his sureties, which was made final, and his sureties have appealed.

We will consider the questions presented by the appellants in their order:

I. Could the Judge make the order to admit to bail, at chambers, without having the accused before him on a *habeas corpus?* The District Judge had power to admit the accused to bail, and we do not consider an error in the mode of proceeding as invalidating the decree or the bond taken under it.

II. Could the Deputy Sheriff receive the bond when the order of the Judge directed it to be taken by the Sheriff? We think the Deputy Sheriff had the power to take the bond.

# 190 SUPREME COURT OF LOUISIANA,

STATE
v.
WILSON.

Warrants, executions and other orders are commonly addressed to the Sheriff, yet, no one doubts but they may be executed by the Sheriff through his deputies. See form of *fi. fa.*, Act, 1855, 477. See *Sewell* v. *Sheriff*, 33, 35.

The Deputy Sheriff is expressly authorized by law to represent the Sheriff in all duties confided to the latter. C. P. 771; Act, 1855, 366; see 5 An., French text.

In judicial sales, nothing is more common than for the Deputy Sheriff to take the twelve months' bonds and other obligations given at such sales. We see no reason why he may not perform the duty imposed upon the Sheriff in taking an appearance bond and discharging the accused upon its execution. Were it not so, the discharge of the accused from custody would depend upon the presence of the Sheriff, and the imprisonment might be prolonged on account of his absence.

III. The third point made is, that the bond does not make proof of itself, that the forfeiture of the condition was not proven, and that the bond was not offered in evidence. Had the bond been filed we might, perhaps, have inferred from the orders declaring its forfeiture, that it was in evidence, and before the court as a part of the proceedings. But, as the bond has never been filed, we think it cannot be considered as in evidence, or as produced on the trial. Under the authority of the case of the *State* v. *Cooper*, 3 An. 225, the judgment must be reversed. We will remand the cause.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed as to the said *Henry Keller*, *Mathews Marr* and *Charles F. Stubbs*, and that this cause be remanded to the lower court, there to be proceeded in according to law.